972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Carl DIBLASIO, Defendant-Appellant.
 No. 90-50422.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided Aug. 3, 1992.
 
 Before EUGENE A. WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Diblasio appeals his sentence as a career offender under Sentencing Guidelines § 4B1.2. Pursuant to Anders v. California, 386 U.S. 738 (1967), his court-appointed attorney has filed a brief stating that he finds no issues for review. Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses that Diblasio's challenge to his sentence is without merit.
 
 
 3
 He argues that he should not have been sentenced as a career offender because his two prior convictions for first degree burglary did not involve violence, and because he served his sentence in a non-penal institution.
 
 
 4
 Federal law governs the determination of what constitutes a violent felony. United States v. Sherbondy, 865 F.2d 996, 1004-05 (9th Cir.1988). Under the Guidelines, "burglary of a dwelling" is a crime of violence. U.S.S.G. § 4B1.2. We consider only the statutory definition of the crime, not the specific acts involved in the offense, in determining whether a prior state conviction is a crime of violence. United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990), cert. denied, 111 S.Ct. 1118 (1991). His two prior burglaries are crimes of violence under the Guidelines.
 
 
 5
 Diblasio's actual sentence or where he served it does not control the definition of a violent felony. His prior convictions are felony convictions because burglary of a dwelling is an offense punishable for a term of imprisonment exceeding one year. United States v. Davis, 932 F.2d 752, 764 (9th Cir.1991).
 
 
 6
 The district court departed downward from the career offender level because it overrepresented the defendant's criminal history. It was not required to depart further because of Diblasio's objections.
 
 
 7
 Attorney Loomis's request to withdraw as counsel is GRANTED and the sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3